# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES HELLUMS,

    Petitioner,

vs.                       NO. CIV 96-63 MV/LCS

JOE WILLIAMS,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER cones before the Court on Petitioner James Hellums' ("Hellums") Petition for a writ of *habeas corpus,* filed under 28 U.S.C. Sec. 2254, which was referred to this Magistrate Judge pursuant to 28 U.S.C. Sec. 636. The Court, having reviewed the pleadings and the relevant law, proposes finding that the Petition contains a non-exhausted claim and recommends that the Petition be dismissed without prejudice.

On August 16, 1991, Hellums was convicted on six counts of first-degree criminal sexual penetration of a minor and 2 counts of criminal sexual contact with a minor in violation of N.M.Stat.Ann. Sec. 30-9-11 (A) and 13(A) (1994 Repl.Pamp.) respectively. On November 13, 1991 he was sentenced to sixty years' imprisonment. After exhausting his state appeals and state *habeas corpus* procedures, he filed this Petition, claiming that his right to due process was violated because the evidence presented at his trial was insufficient to sustain his conviction; that his right to a fair trial was violated by the introduction of expert testimony which bolstered the credibility of the victim; that

his right to a fair trial was violated by the admission into evidence of pornographic literature and photographs, that his right to a speedy trial was violated, and that he received ineffective assistance of counsel.

Generally, before a federal court will consider a *habeas corpus* claim, a petitioner must exhaust his state remedies. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). In the present case, Respondent has not claimed that Hellums failed to exhaust any of his claims; in fact, as to the wrongful admission of pornographic material claim, Respondent affirmatively contended that this claim was rejected on direct appeal by the New Mexico Court of Appeals. Despite this contention, the Court is free to raise non-exhaustion *sua sponte. See Granberry v. Greer*, 481 U.S. 129, 133 (1987). Accordingly, the Court will undertake its own analysis of whether that claim has been exhausted. For a claim to be exhausted, the State must have had a full and fair opportunity to address and resolve the federal claim on its merits. *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 9 (1992). In a wrongful admission of evidence claim, the federal issue is whether the erroneous admission of evidence rendered the trial fundamentally unfair. *Vigil v. Tansy*, 917 F.2d 1277, 1280 (10th Cir. 1990) *cert. denied,* 498 U.S. 1100 (1991). In the present case, Hellums did attempt to present this claim. In his docketing statement to the New Mexico Court of Appeals, he contended:

> [T]he court erred in the introduction (sic) of books, which contain sexual topics, and which were objected to, into evidence and were more prejudice (sic) than probative and only served to inflame the jury to the point that defendant was deprived of a fair trial.

*State v. Hellums*, No. 13,585, Docketing statement, Dec. 1991, p.18. In its notice proposing summary affirmance, however, the New Mexico Court of Appeals did not mention the federal standard. The notice focused instead on relevancy, even though Hellums did not claim the books were irrelevant:

> The docketing statement does not describe the books containing sexual topics, or the sexual topics themselves. For purposes of this notice, therefore, we assume the sexual aspects of the books were relevant to the crimes with which defendant was charged -- for example, that they contained descriptions of sexual activity involving children and adults. Cf. Thornton v. Gamble, 101 N.M. 764, 688 P.2d 1268 (Ct. App. 1984) (docketing statement must provide recitation of all relevant facts). The books, under this assumption, were admissible as bearing on the issue of intent, and as evidence corroborating the victim's accounts of sexual abuse.

Calendar Notice, Jan. 8, 1992, p.2. In his Memorandum in Opposition to Proposed Summary Affirmance, Hellums did not mention the federal standard, opting instead to respond to the criticism raised in the Court of Appeals' proposed summary affirmance:

> Mr. Hellums contends that the trial court erred by allowing the introduction into evidence of one or two books dealing with sexual subjects. Mr. Hellums has informed appellate counsel that these books were written by authors with PhD.'s, and that, while the books did involve sex between adults, the books did not involve children. Mr. Hellums contends that any probative value of this evidence was substantially outweighed by its prejudicial effect on the jury. (citations ommitted)

Defendant-Appellant's Motion to Amend his Docketing Statement and Memorandum in Opposition to Proposed Summary Affirmance, Jan. 31, 1992, p. 5. Unpersuaded by this response, the Court of Appeals rejected Hellums' evidentiary claim:

> Defendant acknowledges that the book or books admitted into evidence contained material of a sexual nature. The admission of the books will not be disturbed absent an abuse of discretion by the trial court. See State v. Larson, 107 N.M. 85, 90, 752 P.2d 1101, 1106 (Ct. App.) , cert. denied, 107 N.M. 74, 752 P.2d 789 (1988). Defendant's general contentions that the book or books were written by persons possessing Ph.D. degrees, and involved only adult sexual activity, are insufficient to establish an abuse of discretion by the trial court. We do not hold that any book involving sexual subjects is relevant to a case such as this. We hold, instead, that Defendant has failed to meet his burden of establishing that the book or books were not relevant to his prosecution, or, if they were relevant, that the trial court abused its discretion in admitting them into evidence. See id. (Publications of a sexual nature may be relevant to a prosecution for sexual offenses; abuse of discretion must be established to obtain reversal of the admission of such publications).

3

Memorandum Opinion, Feb. 18, 1992, pp. 2-3. The Court of Appeals correctly held that Hellums' conclusory assertion that the probative value of this evidence was substantially outweighed by its prejudicial effect on the jury was insufficient to establish that the trial court abused its discretion in admitting the books into evidence. However, except for a single reference in the docketing statement, neither Hellums nor the Court of Appeals ever mentioned, much less fully and fairly addressed and resolved the federal claim: whether the admission of the books into evidence rendered his trial fundamentally unfair.

In his state *habeas corpus* petition, Hellums did not mention the federal standard:

> Petitioner challenges the admission of sexual (sic) oriented magazines in his and his wifes (sic) possession....There were no books or magazines of any kind or type with pictures or references to children. All other books taken from petitioner's home were of an adult nature and can be found in thousands of homes through (sic) out the country and was (sic) inflammatory, prejudicial and irrelevant when used against petitioner...

Petition for Writ of Habeas Corpus, March 10, 1995, pp.14-15. In denying the Petition, the State District judge said only that "Most of the issues raised have been adjudicated by the Court of Appeals. The other or remaining issues are without merit and are denied." Order, March 26, 1995, p. 2. Hellums then petitioned the Supreme Court, filing the same petition he filed with the District Court. The Supreme Court denied his petition without opinion.

This lengthy recitation shows that the federal claim was neither adequately presented to, nor addressed by, the State courts. Accordingly, it has not been exhausted, and federal court review of that claim at this point is improper.

Because the federal claim that Hellums' trial was fundamentally unfair depends on a finding that the trial court abused its discretion in admitting the evidence, it could be argued that at least that part of the federal claim has been exhausted. However, even when a federal *habeas corpus* petition

4

raises the same legal theory as was presented to the State courts, if it contains new factual allegations which cast his claim in a different light, the claim will be deemed not to have been exhausted. *Cruz v. Warden,* 907 F.2d 665, 668-69 (7th Cir. 1990). In the present case, Hellums' federal petition contains factual allegations that cast his claim in a different light: It contains the titles of the books at issue: "Bestiality", " Spanking '69 plus three" and "Teenage Swingers in Adult Swap Clubs". These titles demonstrate that the subject matter of the books was not simply descriptions of adult sexual activity; instead, their subject matter was sufficiently extreme to engender revulsion in the minds of the jury, conceivably a prejudice disproportionate to their marginal relevance. *Cf. U.S. v. Harvey*, 991 F.2d 981, 997 (2d Cir. 1993) (in a prosecution for receiving child pornography, admission of testimony of extreme contents of other x-rated materials received besides child pornography was an abuse of discretion, and deprived defendant of a fundamentally fair trial.)

Hellums' new factual allegations regarding the titles of the books admitted into evidence may bring them within the purview of *Harvey. Harvey* had not been decided at the time of Hellums' appeal and State *habeas corpus* proceedings, yet another reason to require resubmission to the State courts. *Drennon v. Hess*, 642 F.2d 1204, 1205 (10th Cir. 1981). Thus, because the federal claim was not addressed and resolved, the new factual allegations in the federal Petition cast the claim in a different light, and a potentially relevant federal court opinion was issued after the state proceedings finished, the Court proposes finding that Hellums' claim that he was denied a fair trial because of the erroneous admission of the three books has not been exhausted.

The appropriate response to a federal *habeas corpus* petition which contains both exhausted and unexhausted claims is dismissal without prejudice. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Accordingly, the Court recommends that Hellums' Petition be dismissed without prejudice.[1].

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections to them. A party must file its objections within ten days if it desires review; if objections are not timely filed, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE

---

[1] Because this dismissal is not on the merits and without prejudice, Hellums will not be precluded from refiling any of the claims alleged in this federal petition, if he is unsuccessful at the state level. Such claims will not be considered a successive petition under 28 U.S.C. Sec. 2241(b)(1)(1996). *See McWilliams v. State of Colorado*, 121 F.3d 573, 575 (10th Cir. 1997).