# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES HELLUMS,

        Petitioner,

vs.                                            NO. CIV 96-63 MV/LCS

JOE WILLIAMS,

        Respondent.

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER cones before the Court on Petitioner James Hellums' ("Hellums") Petition for a writ of *habeas corpus,* filed under 28 U.S.C. Sec. 2254, which was referred to this Magistrate Judge pursuant to 28 U.S.C. Sec. 636. On February 23, 1999 the Court filed Proposed Findings and recommended disposition (PFD), in which it recommended dismissing the Petition without prejudice on the grounds that one of Hellum's claims had not been exhausted. On March 9, 1999 Hellums filed objections to the PFD, contending that the claim had been exhausted, or in the alternative, because the case had been pending for three years, the Court should reach the merits of the Petition. Having reviewed the objections, the Court finds that the objection as to the length of the case is well-taken.[1] Accordingly, the previous PFD is withdrawn and the following is entered in its place.

On August 16, 1991, Hellums was convicted on eight counts of first-degree criminal sexual penetration of a minor and 2 counts of criminal sexual contact with a minor in violation of N.M.Stat.Ann. Sec. 30-9-11 (A) and 13(A) respectively. The victim was his stepdaughter. On

---

[1]The Court notes, however, that it is because of Hellums' counsel's asking for four extensions of time and not opposing the Respondent's own four requests that this case has been pending for so long.

November 13, 1991 he was sentenced to sixty years' imprisonment.  After exhausting his state appeals and state *habeas corpus* procedures, he filed this Petition, claiming that his right to due process was violated because the evidence presented at his trial was insufficient to sustain his conviction; that his right to a fair trial was violated by the introduction of expert testimony which bolstered the credibility of the victim; that his right to a fair trial was violated by the admission into evidence of pornographic literature and photographs, that his right to a speedy trial was violated[2], and that he received ineffective assistance of counsel.

**Sufficiency of the evidence**

A federal court in a *habeas corpus* proceeding reviews a sufficiency of the evidence claim *de novo*, to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the crime beyond a reasonable doubt.  *Kelly v. Roberts*, 988 F.2d 802, 807-08 (10th Cir. 1993).  In assessing the claim, the court does not weigh conflicting evidence or consider the credibility of witnesses.  *Id.*

Hellums contends that the victim's testimony was wholly incredible, because her statements whether photos were taken, when the abuse began, what abuse did or did not take place and how often it took place were so loaded with contradictions that they rendered each of her stories unbelievable.  Because this contention requires the Court to weigh conflicting evidence and consider the victim's credibility, the Court recommends that it be denied.

Hellums next contends that the victim's testimony was too ambiguous to support a conviction on the charges as set out in the indictment.  Hellums, his wife and his stepdaughter lived together in

---

[2]The court lumps both Hellums' pre-indictment and post-indictment delay claims under this general heading.

an apartment from October 25, 1985 until November 30, 1986, and in a house from December 1, 1986 until November 30, 1989. The charges included, *inter alia,* claims that he committed vaginal penetration and anal penetration during the time they lived in the apartment, and during the time they lived in the house. His stepdaughter testified that he penetrated her vagina and her anus both while they lived in the house and while they lived in the apartment. Hellums contends that it is irrevocably unclear whether she claimed that he committed each type of penetration in both places or just one type in one place and another type in the other. However, this Court proposes finding her testimony unambiguous on this point, and therefore recommends that it be denied.

Hellums next contends that to prove the criminal sexual contact counts, the state relied entirely on his statements. Since in those statements he admitted the contact but denied having the intent to arouse or gratify sexual desire, or to intrude upon his stepdaughter's bodily integrity or personal safety, he contends that his statements do not provide sufficient evidence of *mens rea* to sustain his conviction. However, the jury was free to disbelieve his testimony that he did not have the necessary intent. Moreover, that the prosecutor chose to emphasize only his statements during closing argument does not mean that no other evidence of intent was admitted. For example, Hellums' wife's testimony that he used to masturbate while looking out the window at young female students playing during recess constitutes evidence from which a rational trier of fact could choose not to credit Hellums' testimony about his lack of intent. The Court accordingly proposes finding that, viewed in the light most favorable to the prosecution, the evidence presented was sufficient to persuade a rational fact finder beyond a reasonable doubt that Hellums had the requisite intent. As a result, the Court recommends that this part of Hellums' Petition be denied.

**Admission of expert testimony**

An expert witness may give opinion testimony if the expert's specialized knowledge would help the trier of fact understand the evidence or decide a fact in issue, but such opinion testimony may not usurp the exclusive function of the jury, which is to determine credibility. *U.S. v. Samara*, 643 F.2d 701 (10th Cir. 1981). Thus, while a child sex abuse expert may testify about a child's ability to separate truth from fantasy, opine whether the medical evidence is consistent with the child's story, and compare the patterns in the child's testimony with the patterns of stories of child abuse victims in general, *see U.S. v. Azure*, 801 F.2d 336, 340 (8th Cir. 1981), it is error to allow an expert to testify that a child's testimony is truthful. *U.S. v. Toledo*, 985 F.2d 1462, 1470 (10th Cir. 1993).

In the present case, Hellums contends that two expert witnesses, Zussman and Barker, repeatedly assessed the alleged victim's credibility for the jury, explaining in detail their reasons for believing her allegations, and asserting they found no reason to disbelieve her. The State disputes his allegation as to Zussman, but concedes it as to Barker. However, the state contends that the erroneous admission of Barker's testimony does not require granting the Petition.

The State contends, and the New Mexico Court of Appeals found, that it was significant that trial counsel did not object to Barker's testimony. In such circumstances, the State law standard is whether Hellums' guilt is so doubtful that it would shock the conscience to allow the conviction to stand. *State v. Clark*, 772 P.2d 322, 331 (Ct. App. NM 1989). This Court agrees with the Court of Appeals that Hellums' claim does not meet this standard; however, in federal *habeas corpus* cases the standard of review, regardless of whether counsel objected to the evidence, is whether the erroneously admitted evidence had a substantial effect or influence in determining the jury's verdict.

*Brecht v Abrahamson*, 507 U.S. 619, 638 (1993).

In *U.S. v. Toledo, supra*, the Tenth Circuit held that the erroneous admission of expert testimony about a child sexual abuse victim's credibility did not render the trial fundamentally unfair. 985 F.2d at 1470. The Court in *Toledo* did not, however, apply the *Brecht* standard, which is admittedly somewhat vague. Absent testimony from the jurors themselves, it is difficult to determine whether particular testimony substantially influence their verdict. One scenario which would allow such a determination to be made with confidence is if there were not enough evidence to convict the defendant in the absence of the expert testimony. In that case, such testimony would have to have had a substantial effect or influence. Another scenario is when evidence has such innate impact that it is thought that it will always have a substantial effect on the jury's verdict, regardless of the other evidence.

In the present case, it is possible that the expert witness testimony had a substantial impact on the jury's decision; however, this case meets neither of the scenarios which would allow the Court to make that determination with any confidence. As to the first scenario, evidence was presented which, although not overwhelming, corroborated the stepdaughter's testimony, including medical examinations and the testimony of her mother. In addition, the jury was able to view the videotape of her testimony and judge her credibility for themselves. Accordingly, even without the improperly admitted expert testimony, the evidence presented was sufficient for the jury to have decided to convict Hellums. As to the second scenario, no circuit has held that this kind of evidence is so innately powerful that its admission will always be considered reversible error, regardless of the strength of the evidence presented. *See Toledo*, 985 F.2d at 1470.

Because the Court cannot say that the erroneously admitted testimony substantially

influenced the jury's verdict, it recommends that this claim in Hellums' Petition be denied.

**Admission of pornographic photos and books**

Hellums contends that the trial court erred in admitting into evidence polaroid photographs of adult and child genitalia and sex acts between adults and between adults and children. He also contends that the court erred in admitting three sexually-oriented books, one on spanking, one on swinger's clubs, and one on bestiality. He finally contends that the state erred in admitting testimony of that police found other sexual products in his house, and testimony that he had initiated inappropriate physical contact with an adult relative. According to Hellums, such evidence was not relevant to any issues, and, even if it were relevant, its relevance was outweighed by its prejudicial effect on the jury.

Hellums' credibility was a central issue in the case. He testified that he did not commit sexual penetration, and that, while he did accidently make brief contact with his stepdaughter's genitalia, he did so without the intent to achieve sexual arousal or gratification. He also testified that he never acted inappropriately towards his step daughter or his in-laws. He also gave a sworn statement that he did not have any pornographic material in his house. In light of this testimony, the materials were relevant for the purpose of impeaching his credibility. Further, as his stepdaughter testified that she was the child performing sexual acts and he was the adult in the photos, those photos could have been considered direct evidence of Hellums' guilt.

Since all of this evidence was relevant, the issue is whether its probative value was substantially outweighed by its unfairly prejudicial effect. *See* Fed. R. Civ. P. 403. A trial court's decisions regarding Fed.R.Civ.P. 403 are reviewed under an abuse of discretion standard. *Old Chief v. U.S.*, 519 U.S. 172, 174 n.1(1997). The Court proposes finding that mere testimony that Hellums

possessed such products and inappropriately touched an adult relative would not be so unfairly prejudicial that admitting such testimony would be an abuse of discretion. As to the two photos of a young girl performing fellatio on an adult male, while they were extremely prejudicial, because of the stepdaughter's testimony that she was the girl in the pictures, their prejudicial effect did not substantially outweigh their relevance. Accordingly, the Court proposes finding that admitting them was also not an abuse of discretion.

As to the other photos and the three books, the Court proposes finding that admitting them into evidence was an abuse of discretion. However, the legal standard for *habeas corpus* is whether the erroneously admitted evidence had a substantial effect or influence on the jury's verdict. As discussed above, there was sufficient evidence for the jury to have reached a guilty verdict without the photos and books. In addition, although this is a close question, no circuit has held that evidence of this sort is so innately powerful that it is presumed to have had a substantial effect or influence on the jury's verdict regardless of the strength of the other evidence.[3]

**Speedy trial**

Hellums contends that he was denied his right to a speedy trial because he was not indicted until ten months after his arrest, and then was not tried until ten months after his indictment. In order to determine whether the right to a speedy has been violated, a court considers four factors: the length of the delay, the reasons for the delay, whether the accused asserted his right to a speedy trial and whether the delay prejudiced the defense. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

---

[3] In *U.S. v. Harvey*, 991 F.2d 981 (2nd Cir. 1993), the court held that, in a prosecution for knowingly receiving child pornograpy, the contents of videotapes of deviant sexual practices was so prejudicial that it could not be considered harmless error. The Court in *Harvey* did not, however, state that the admission of such evidence would require reversal regardless of the strength of the evidence admitted. In addition, the court did not analyze the evidence under the *Brecht* standard.

In the present case, the delay was four months beyond the usual six month speedy trial requirement of State law. The State's reason for the delay was the need to redo the indictment. The accused did not assert his right to a speedy trial; in fact, during discovery, counsel for the defense stated on the record that he himself intended to seek an extension of the State's six month speedy trial requirement. Further, Hellums does not contend that the four-month delay beyond the six-month speedy trial rule prejudiced his ability to present his defense. On balance, this Court proposes finding that Hellums' right to a speedy trial was not violated, and accordingly recommends that this part of his Petition be denied.

**Effective assistance of counsel**

Hellums contends that he was denied his right to effective assistance of counsel. In order to establish such a claim, Hellums must establish that his counsel's performance was outside the wide range of professionally competent assistance, and second, he must establish a reasonable probability that, had the attorney's conduct been adequate, the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 692-94 (1984).

Hellums first contends that his counsel failed to investigate evidence that the pictures admitted into evidence were taken on film which was no longer manufactured at the time the alleged conduct occurred. Since the important point was when the film was exposed, not when it was manufactured, counsel's failure to investigate this point was not objectively unreasonable.

Hellums next contends that counsel failed to object to the expert testimony about his stepdaughter's credibility. As to the two criminal sexual conduct counts, the testimony was not material; having admitted touching her genitals but denied having the requisite intent, it was his credibility - not hers - which was in issue. Accordingly, there is not a reasonable probability that

8

counsel's objecting to that evidence would have changed the outcome of that part of the case.

As to the criminal sexual penetration counts, however, Hellums' stepdaughter's credibility was of considerable importance. However, as discussed previously, since there was enough evidence in the record to convict Hellums absent the expert testimony, the Court is unable to say that there is a reasonable probability that counsel's objecting to that evidence would have changed the outcome of the case.

Hellums next contends that his counsel removed the earphones which allowed them to communicate during the videotaped trial deposition of his stepdaughter, and that counsel refused to ask certain questions he had requested. Counsel's actions appeared to be based on tactical considerations; the delicacy of cross-examining a young child about sexual abuse allegations required his concentration not be interrupted during the questioning (counsel did communicate with Hellums during breaks), and his decision to rely on inconsistencies in her statements rather than seeking to get her to corroborate parts of Hellum's testimony fall within the wide range on competent professional assistance. *See generally, U.S. v. Rodriguez-Ramirez,* 777 F.2d 454, 458 (9th Cir. 1985). Accordingly, the Court recommends that Hellums' ineffective assistance of counsel claims in his Petition be denied.

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections . A party must file its objections within ten days if it desires review; if they are not timely filed, neither the District Court nor the Court of Appeals will review the Magistrate

Judge's Proposed Findings and Recommended Disposition.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**