# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JAMES HELLUMS,**

    Petitioner,

vs.                                               No. CIV 96-0063 MV/LCS

**JOE WILLIAMS,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Respondent's Motion for a Stay of the Court's Order, filed April 3, 2000, (Doc. 73), and Petitioner's Motion for Immediate Hearing and Immediate Release and Response to Respondent's Motion for a Stay of the Court's Order, filed April 17, 2000, (Doc.76). The United States Magistrate Judge, having considered the motions, memoranda, entire record, and the relevant authorities, finds that Respondent's Motion for a Stay of the Court's Order is well-taken and recommends that it be granted, and finds that Petitioner's Motion for Immediate Hearing and Immediate Release is not well-taken and recommends that it be denied.

### PROPOSED FINDINGS

1.     Petitioner brought this action pursuant to 28 U.S.C. § 2254. On November 4, 1999, I issued a Second Amended Proposed Findings and Recommended Disposition in which I recommended that the Petition for a Writ of Habeas Corpus be granted as to the eight counts of

criminal sexual contact on the grounds that Petitioner was denied a fair trial because of the admission of the psychiatrist's testimony on the credibility of the victim was not harmless error. Both Petitioner and Respondent filed timely objections. On January 18, 2000, the District Judge adopted the Second Amended Proposed Findings and Recommended Disposition. The Order adopting the Second Amended Proposed Findings and Recommended Disposition provided that "[t]he State shall either retry Hellums within a reasonable time on the eight counts of criminal sexual penetration, or it shall release him from custody." On April 4, 2000, Respondent filed his Motion to Stay the District Court's Order.

2. A federal court has broad discretion in conditioning a judgment granting habeas relief. *See Hilton v. Braunskill*, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed.2d 724 (1987). While Federal Rule of Appellate Procedure 23 creates a presumption of release of a successful habeas petitioner, that presumption may be overcome if a judge "otherwise orders." *See Hilton*, 481 U.S. at 774. In *Hilton*, the Supreme Court recognized the applicability of general standards governing civil stays, as set forth in Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8, and articulated the four factors to be considered when evaluating a motion to stay release. *See Hilton*, 481 U.S. at 776. These factors are: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other interested parties; and (4) where the public interest lies. *Id.* These factors may "tip the balance" against the presumption in favor of release. *Hilton*, 481 U.S. at 777.

3. In addition to these traditional four stay factors, the Court directed that the possibility of flight; the risk of danger to the public; and the state's interest in continuing custody

and rehabilitation of the petitioner should also be evaluated. *Id*. Where the remaining sentence is long, the interests of the state in continued incarceration are greater than the interest of the petitioner in release. *See Hilton*, 481 U.S. at 777. The final factor in the analysis is the interest of the habeas petitioner in his release pending appeal, which is "always substantial." *Id.*

4. In support of his Motion to a Stay of the District Court's Order, Respondent argues that this Court's ruling will likely be reversed on appeal, that it will suffer an irreparable injury if the stay is denied because it will have to re-try Petitioner before the appeal is resolved, and that the public interest clearly lies in allowing the State of New Mexico to appeal an Order and Judgment that effectively reverses its Supreme Court. With respect to the third factor, Respondent argues that any prejudice to the Petitioner is lessened by the fact that he can be released on bond pending appeal under Rule 23.

5. Petitioner counters that he is entitled to application of the presumption of release contained in Rule 23, that Respondent is not likely to prevail on appeal, that the State would not be irreparably injured by his release, that Petitioner would be irreparably injured by continued incarceration in violation of the Constitution, that his prolonged unconstitutional imprisonment is an affront to public policy, and that his release would not endanger the public.

6. While I do not agree that there is a strong likelihood of success on appeal, I realize that the issue presents a close question that must be resolved by the Tenth Circuit.[1] I also find

---

[1] The first component of the *Hilton* analysis is ethereal; it requires a judge to determine that there is a strong likelihood that his or her decision will be reversed on appeal. I endeavored to apply the law correctly in my Second Amended Proposed Findings and Recommended Disposition, which the District Judge adopted as her own. Obviously, if we believed there was a strong likelihood of reversal on appeal, the outcome of this case would have been altered. At the same time, however, I acknowledge that the evaluation of the decisive issue in this case is subjective and leaves room for a difference of opinion.

3

Respondent's argument of irreparable injury to be compelling. As Petitioner has served only eight-and-a-half years of a sixty-year sentence, the interests of the State in his continued incarceration are greater than his interest in release. *See Hilton*, 481 U.S. at 777. My review of the record proper in this case has convinced me that Petitioner poses a danger to the public. I have no doubt that the public interest lies in Petitioner's continued incarceration pending the appeal. I find that the public interest outweighs the Petitioner's interest in release pending appeal. Consideration of these factors "tip the balance" against the presumption in favor of release. *Hilton*, 481 U.S. at 777. For these reasons, I recommend that this Court's Order, requiring that the State either retry Hellums within a reasonable time on the eight counts of criminal sexual penetration, or that it release him from custody, be stayed pending the outcome of Respondent's appeal.

## RECOMMENDED DISPOSITION

I recommend that Respondent's Motion for a Stay of the Court's Order, filed April 3, 2000, (Doc. 73) be granted, and that Petitioner's Motion for Immediate Hearing and Immediate Release and Response to Respondent's Motion for a Stay of the Court's Order, filed April 17, 2000, (Doc.76) be denied.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within

4

the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**